# Exhibit 1



FILED
SUPERIOR COURT OF CALIFORNIA.
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER
DEC 28 2009
ALAN CARLSON, Clerk of the Court
BY _____ DEPUTY

## CARMELLE v. SEARS No. 06P000642 et. al.

The hearings on the issues of child support in these four (4) cases, which involve one (1) father, eight (8) children and four (4) mothers, concluded with receipt of written arguments and was taken under submission on October 23, 2009. All parties requested a statement of decision. This statement of decision is to be filed in each of the four (4) individual cases. Any objections must be served and filed as required by California Rules of Court 3.1590(f).

By stipulation in open court, the case of <u>Carmelle v. Sears</u> 06P00642, was the lead case. The other three cases, <u>Sears v. Bazan</u>, No. 07P001073, <u>Sears v. Tran</u>, No. 07P001074, and <u>Sears v. Lee</u>, No. 07P001075 were *not consolidated* for trial with <u>Carmelle v. Sears</u>. They were consolidated for trial among themselves and were heard after the conclusion of the <u>Carmelle</u> case.

### BACKGROUND

On July 11, 2008, Hon. Renee Wilson, in Case No. 06P00642 issued a minute order, which was followed up by a formal written order filed on October 1, 2008. Among other items, it included:

> "The court hereby grants evidentiary sanctions against respondent [Steven Sears], to bar respondent from offering any evidence of any form or kind, including testimonial, direct or cross, on issues of his income, finances, assets or other financial dealings, and barring respondent from opposing any and all evidence, including testimonial, regarding respondent's income, finances and assets and financial dealings as they are introduced and offered by the petitioner."

This order was issued after Hon. Renee Wilson had considered "the voluminous files in this matter, takes judicial notice of the following filings:

(1) March 28, 2007, three motions filed by Petitioner to compel discovery

(2) March 29, 2007, four motions filed by Petitioner to compel depositions

(3) October 31, 2007, two motions filed by Petitioner to compel further responses to discovery

(4) December 21, 2007, three motions filed by Petitioner to enforce subpoenas

(5) March 7, 2008, motion filed by Petitioner for clarification of order

(6) April 10, 2008, motion filed by Petitioner to enforce subpoenas"

Counsel for all parties, on the record and with all parties present, stipulated for this court to enforce these evidentiary sanctions in the trials on all *four matters*, not just the Carmelle v. Sears case.

The issues to be determined by this Title IV-D (Child support) court:

1. Income of Steven Sears ("Mr. Sears") under Family Code Section 4058.

2. Child support for each of the eight (8) children.

3. Attorneys' fees and costs requested by Nevine Carmelle ("Ms. Carmelle").

## ISSUE #1: INCOME OF STEVEN SEARS

*Arguments by the Parties*

The annual gross income of each parent means, among other items, income from whatever source derived, including: "(2) Income from the proprietorship of a business, such as gross receipts from the business reduced by expenditures required for the operation of the business." [Fam.C.Sec. 4058(a(2)]

Mr. Sears argues the expert witnesses for Ms. Carmelle used gross income without reducing it by expenditures required for the operation of the businesses. He also argues that Mr. Raffaele, one of the forensic experts, was only supplied tax returns, bank statements, shelf companies and client lists sorted by entity for 2005. He further argues the burden of producing evidence under Evidence Code Section 550(b) and the burden of proof under Evidence Code Section 115 requires Ms. Carmelle to bring forth evidence for 2006 and forward because those dates are at issue.

At a prior time in this litigation while it was before Hon. Renee Wilson, Mr. Jack White, a forensic evaluator was appointed under Evidence Code Section 730, according to Mr. Sears. Mr. Sears contends Mr. White was supplied with certain evidence (none of which was produced before the court in these hearings). This failure to produce evidence, under Evidence Code Section 412, goes the argument, results in a required finding of lack of credible evidence.

This court disagrees. Among the reasons for the evidentiary sanctions imposed by Hon. Renee Wilson, were the complete failures of Mr. Sears to comply with numerous discovery requests and to cooperate with the Evidence Code Section 730 evaluator. The fault in these matters lies with Mr. Sears who by his actions brought upon himself the evidentiary sanctions. Although this court is independent, it will impose the sanctions previously ordered because they are procedural, not substantive. To avoid utilizing these sanctions would be to encourage forum shopping. The case is before this Title IV-D court because Mr. Sears opened a case with the Department of Child Support Services which divests the general family law court of jurisdiction in child support matters.

The cases of IRMO Rosen (2002) 105 C.A.4th 808 and IRMO Riddle (2005) 125 C.A.4th 1075, are inapposite because they teach the court how to apply the evidence presented to it. In the case before this court, Mr. Sears was not able to produce evidence or to cross-examine the evidence produced by others because of his conduct. The only available evidence produced in this court concerned the calendar year 2005 as the latest year. It will therefore utilize that evidence.

IRMO Loh (2001) 93 C.A.4th 325, poses the presumption of the correctness of filed federal and/or state personal income tax returns. The evidence produced in the case before this court is convincing by a preponderance of the evidence that the tax returns were incorrect. Therefore, the presumption fails.

The argument that a "high earning parent" cannot be determined because a guideline support order is not able to be calculated is untenable. This court is able to calculate a guideline formula. All eight (8) children will be considered.

Ms. Carmelle argues Mr. Sears' annual income is $6,790,880.00. Although it is based upon 2005 information, it is deemed relevant and predictive of subsequent years' incomes according to the forensic accountants. Ms. Carmelle further argues the responsibility falls on Mr. Sears to produce evidence of deductions from gross income, not on her. He was precluded from doing so

3

7429

because of his actions in failing to timely provide the information during the discovery process.

Ms. Carmelle concludes that IRMO Hubner (2001) 94 C.A.4$^{tr}$ 175 permits the trial court to make "the least beneficial income assumptions against the supporting parent." It also provides that the court must make findings if it deviates from the guideline after it determines the amount of the high earner's income unless there is a stipulation to the amount of child support.

In the three (3) cases involving Yvonne Tran (07P001074), Gloria Lee (07P001075) and Gladys Bazan (07P001073), all represented by the same counsel, arguments similar to those of Mr. Sears are offered. Mr. William Mills CPA, a forensic accountant and expert witness for each of these mothers (collectively referred to as Ms. Tran, Lee and Bazan) testified that he could not substantiate the evidence offered by Ms. Carmelle "was trustworthy and credible" (Tran, Lee and Bazan Closing Argument, page 4).

Ms. Tran, Lee and Bazan further argue that the testimony of Mr. Hal Sears, brother of Mr. Sears, was convincing as to the ownership of certain properties and the foot traffic in the offices of Mr. Sears.

Ms. Tran, Lee and Bazan argued during the trial and repeat in their closing argument: "If the Court makes an order based on fictitious income, Petitioner [Mr. Sears] is not going to be able to pay the child support so ordered, with the result that there is endless litigation or contempt of court, all matters which do not produce moneys to feed the children." [Tran, Lee and Bazan Closing Argument, Page 3]

Summaries of the parties' arguments regarding Mr. Sears' annual income:

1. Ms. Carmelle: $6,270,880 to $6,790,880 annually, 2005 through present

2. Ms. Tran, Lee and Bazan: $53,488 for year 2008 (Exh. 3, Sears v. Lee)

### The evidence in Carmelle v. Sears:

Ms. Carmelle testified that she was employed by Mr. Sears in 2005, and had worked for him for over a decade. She was present at client meetings when

4

7430

fees and requirements were discussed. The law practice of Mr. Sears consisted primarily of selling asset protection plans to clients. He prepared "shelf corporations" for purposes of client transfers of assets to avoid creditors. The fees ranged from $1,000 per client for business annual renewals, to higher amounts per client for asset protection and other services. [Exh. 8] All clients signed an agreement for different services such as a purchase of a company, estate planning documents and office services. [Exh. 13]

Ms. Carmelle also testified that Mr. Sears did not maintain a trust account. He used various companies himself in order to spread his income. He also dealt with a number of different banking and financial institutions. She generated a list of internal companies which were owned or controlled by Mr. Sears. (Exh. 1) A total of $5.8 million was deposited in the various companies. There are about 130 bank accounts and 60 companies listed on Exhibit 1.

Mr. Greg Raffaele CPA was qualified as an expert witness. His role was to determine the gross income of Mr. Sears. He deemed his purpose was to disprove the assertion that Mr. Sears grossed $5.5 million per year. He concluded, among other opinions, that the tax returns filed by Mr. Sears were unreliable and untruthful. For example, more cash deposits existed in the various accounts than were reported on the tax returns. Typically, he stated, the amount of income going into a business is the same as listed on the tax return.

Mr. Raffaele prepared a two page document designated Model 2. [Exh. 8] It used the list of clients by entities; from that list he concluded 2,175 entities. Exhibit 8 listed Mr. Sears' income in four categories: Renewal Fees; Asset Protection Fees; Initial Consultation Fees; and Gross Business Fees. He accepted the Certified Public Accountant practice of Mr. Sears to result in $64,726 annually, from the records available to him.

Lastly, Mr. Raffaele rendered his opinion that in an economic downturn, such as exists today, the requests for services provided by Mr. Sears would be increased. His opinion was based, in part, on the advertising costs incurred by Mr. Sears in 2009, which had not diminished from prior years.

Mr. John Subbiondo, a certified management accountant was qualified as an expert witness. He prepared a bell curve to show the range of the two estimates of the deposits. [Exh. 10] It results in a 95% confidence level because it shows the clustering of the bank accounts. Exhibit 11 demonstrates the

7431

average for each of the probability curves.    In his opinion, the gross income available to Mr. Sears is between $6.3 million and $6.8 million per year.

## Issues of Collateral Estoppel and Res Judicata

None of the parties discussed these issues.

The cases were not consolidated for trial. The evidence in the Tran, Lee and Bazan cases was accepted after the conclusion of the Carmelle matter. Mr. William Mills CPA, who was qualified as an expert witness, testified on behalf of Ms. Tran, Lee and Bazan. In his opinion, the average gross annual income under Family Code Section 4058, attributable to Mr. Sears for 2008, is $53,488. [Lee v. Sears, Exh. 3]

This court is concerned. The amounts of claimed income for Mr. Sears are so incredibly far apart.   Ms. Carmelle has carried the entire burden of pursuing the matter through numerous, expensive and emotional court hearings. Ms. Tran, Lee and Bazan argue that Ms. Carmelle is wrong and this court should not base its ruling on her position regarding disguised/hidden and unreported income of Mr. Sears.

The evidence adduced at the trial involving Ms. Carmelle was not introduced into the Tran, Lee and Bazan trials. This tactic is puzzling to this court because it would appear to bolster the child support claims of these parties. It is noted that in the Lee case, some of the exhibits from the Carmelle case were entered as Exhibits 4 and 5.   They contained the findings of the expert witnesses in the Carmelle case but were admitted to be rebutted by Mr. Mills, their expert.

## Legal Analysis

Is the court bound by the principle of "collateral estoppel" referred in the Restatement of Judgments 2nd Chap. 1, og. 1 as "issue preclusion"? Although a judgment has not yet been entered in the Carmelle case, this court is not bound

6

under this equitable rule because the parties are not the same. The issues in the second action must have been actually litigated and determined in the first action between the same parties. [7 Witkin, California Procedure, 5th Edition, Sec. 413, Pg. 1053]

Is the court bound in the Tran, Lee and Bazan trials by its decision as to income in the Carmelle trial, under res judicata or election of remedies? [7 Witkin, California Procedure, 5th Edition, Sec. 337, Pg 941] The answer appears to be in the negative because the parties are different and the factual evidence may be different. Clearly, Ms. Tran, Lee and Bazan disagree with the evidence and approach taken by Ms. Carmelle.

While the court is not bound by collateral estoppel or res judicata, should it consider the findings in the case of Ms. Carmelle, when determining the issues in the cases of Ms. Tran, Lee and Bazan? A corollary to this inquiry: is the argument of counsel for Ms. Tran, Lee and Bazan a waiver of any amount in excess of the $53,488 annual income asserted by them for Mr. Sears?

This court cannot avoid considering its findings in the matter of Ms. Carmelle, even though they are based upon a hearing including evidentiary exclusions. The evidence in the cases of Ms. Tran, Lee and Bazan really only consists of the testimony and opinion of Mr. Mills. This court considers the arguments of these parties not to be a waiver of amounts of child support based upon an income in excess of $53,488. The argument rather says do not set the amounts so high so as to encourage non-compliance.

*The Amount of Family Code Section 4058 Income for Mr. Sears*

Based solely on the evidence before this court, the annual gross income of Mr. Sears is established to be $6,270,880 ($522,573 per month) for 2005, 2006, 2007, 2008 and 2009.

## ISSUE #2: CHILD SUPPORT FOR EACH OF THE EIGHT CHILDREN

Child support will be calculated using the DissoMaster™ computer program. It is based upon the criteria for each case as established by the evidence.

### Carmelle v. Sears

*Factors for Ms. Carmelle:*

One child

Commencement of child support: November 1, 2006 (Transcript 5/18/07)

Time share: -0- with Mr. Sears

Ms. Carmelle's tax setting: head of household, 2 exemptions

Income of Ms. Carmelle: $4,500 per month

Child care for Eric (date of birth June 18, 2006): $1,300/month

Residential mortgage interest and taxes: $4,500 [Exh. 14]

*Factors for Mr. Sears:*

Mr. Sears' tax setting: Single, 1 exemption

Income of Mr. Sears: $522,573 per month

Child support paid for other children: Calculated on attached DissoMaster© print outs, commencing March 1, 2009, which was the first of the month following the February 26, 2009, filing by Ms. Tran, Lee and Bazan, for child support.

### Sears v. Bazan

*Factors for Ms. Bazan:*

Two (2) children; one has special needs: he has autism

Commencement of child support: March 1, 2009 (OSC filed 2/26/09)

Time share: 5% with Mr. Sears

7434

Ms. Bazan's tax setting: Head of household, 3 exemptions

Income of Ms. Bazan: $-0-

Special needs of child: $1,900 per month

*Factors for Mr. Sears:*

Mr. Sears' tax setting: Single, 1 exemption

Income of Mr. Sears: $522,573 per month

### Sears v. Tran

*Factors for Ms. Tran:*

Four (4) children

Commencement of child support: March 1, 2009 (OSC filed 2/26/09)

Time share: 10% for each child

Ms. Tran's tax setting: Head of household, 5 exemptions

Income of Ms. Tran: $2,000 per month [Exh. 1]

*Factors for Mr. Sears:*

Mr. Sears' tax setting: Single, 1 exemption

Income of Mr. Sears: $522,573 per month

### Sears v. Lee

*Factors for Ms. Lee:*

One (1) child

Commencement of child support: March 1, 2009 (OSC filed 2/26/29)

Time share: 5%

Ms. Lee's tax setting: Head of household, 2 exemptions

Income of Ms. Lee: $4,000 per month [Exh. 1]

*Factors for Mr. Sears:*

7435

Mr. Sears' tax setting: single, 1 exemption

Income of Mr. Sears: $522,573 per month

*Child support amounts for each child*

The child support amounts for each period of time and each child are attached to this statement of decision and incorporated by reference. The first time period, from November 1, 2006, through February 28, 2009, establishes the child support amount for the case of Ms. Carmelle and excludes any credits to Mr. Sears for the other children because there was not any evidence of child support being paid for any of the seven (7) children. The second calculation for all eight (8) children, commencing March 1, 2009, includes calculations accommodating the court ordered child support for all children. As stated above, it commences on the first of the month following the filing of the OSC's for child support by Ms. Tran, Lee and Bazan on February 26, 2009.

In each case, the court departs from the use if the statewide guideline amount under the provisions of Family Code Section 4057(b)(3). The court finds that Mr. Sears has an extraordinarily high income and the amount determined under the formula would exceed the needs of each child. The child is entitled to be supported in a manner consistent with the life style of both parents. There was little evidence of the life style of Mr. Sears. He possibly owns certain real properties but personally, his life style was not proven to be unreasonably luxurious. The child's needs were also not presented in any definitive way. The court concludes that the appropriate amount of monthly child support, commencing November 1, 2006, is $15,000 for the child of Ms. Carmelle. For each of the other children, the court finds the same amount except for the child of Ms. Bazan who has special needs. For that child, the amount is $16,900 per month.

The attached DissoMaster™ printouts accommodate for these findings in establishing the child support for each of the children, commencing March 1, 2009.

In addition to the child support, each parent of each child is ordered to maintain health insurance for each child if available at a reasonable cost

7456

through a group plan or employee plan. In the cases of each of the eight (8) children, Mr. Sears is ordered to pay 90% of all health related expenses for the child not covered by insurance.

### ISSUE #3: ATTORNEYS' FEES AND COSTS REQUESTED BY MS. CARMELLE

Ms. Carmelle has requested Mr. Sears be ordered to pay her attorneys' fees and costs in the sum of $92,233.50 for work, labor and services performed in this matter. Mr. Sears was previously sanctioned by Hon. Renee Wilson approximately $25,000, according to his closing argument. He further argues that Ms. Carmelle received approximately $400,000 from another person as gifts, although she characterized them as loans. These amounts, Mr. Sears concludes, are sufficient for her to pay her own fees and costs.

The court concludes that the attorneys' fees and costs to be paid by Mr. Sears, *exclusive of any sanctions*, required by Mr. Carmelle to pursue this matter to its current conclusion is the sum of $40,000. This court has considered the extraordinary lengths Mr. Sears has pursued to delay the discovery of, and to obfuscate the facts required in order to adjudicate this matter. Mr. Sears has the means to pay and should pay. Ms. Carmelle does not have adequate means to pay in this matter.

Ms. Carmelle is ordered to prepare a court order in accordance with this statement of decision and to submit it to opposing parties as required by law and rule.

**IT IS SO ORDERED.**

December 28, 2009

DEC 2 8 2009

BARRY S. MICHAELSON

Commissioner, Department L-52

11

7437

## DissoMaster Data Screen
### Monthly Figures

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER
DEC 28 2009
ALAN CARLSON, Clerk of the Court
BY _S. HERRON_ DEPUTY

| Input Data | Father | Mother | Guideline (2009) | | Cash Flow Analysis | Gdln. | Prop. |
|---|---|---|---|---|---|---|---|
| Party Info | Father | Mother | Nets (adjusted) | | Comb. net spendable | 202086 | 202086 |
| Number of children | 0 | 1 | Father | 198285 | Percent change | 0% | 0.0% |
| % time with NCP | 0.00 | 0.00 | | | Father, payor of CS, Prop. CS | | |
| Filing Status | Single | HH/MLA | Mother | 3801 | Payment cost | 25229 | 25229 |
| # federal exemptions | 1* | 2* | Total | 202086 | Net spendable income | 173056 | 173056 |
| Wages + salary | 0 | 4500 | | | Change from guideline | 0 | 0 |
| Self-employment income | 522573 | 0 | Support | | % of combined spendable | 85.6% | 85.6% |
| | | | Presumed CS | 25229 | | | |
| Other taxable income | 0 | 0 | Basic CS | 24579 | % of saving over guideline | 0% | 0.0% |
| TANF plus CS received | 0 | 0 | Add-ons | 650 | Total Taxes | 229388 | 229388 |
| Other nontaxable income | 0 | 0 | Per Kid | | Dep. exemptions value | 0 | 0 |
| New-spouse income | 0 | 0 | Child 1 | 25229 | # withholding allowances | 0(es) | 0(es) |
| Wages + Salary | 0 | 0 | Spousal | blocked | Net wage paycheck | 0 | 0 |
| Self-employment income | 0 | 0 | Support | | Mother | | |
| SS paid other marraige | 0 | 0 | Total | 25229 | Payment benefit | 25229 | 25229 |
| Retirement contrib. if ATI | 0 | 0 | Proposed, Tactic 9 | | Net spendable income | 29030 | 29030 |
| Required union dues | 0 | 0 | Presumed CS | 25229 | Change from guideline | 0 | 0 |
| Nec. Job-related exp. | 0 | 0 | S. Clara SS | 0 | % of combined spendable | 14.4% | 14.4% |
| Adj. income (ATI) | 0 | 0 | Total | 25229 | % of saving over guideline | 0% | 0.0% |
| SS paid other marriage | 0 | 0 | Comb. Savings | 0 | Total Taxes | 699 | 699 |
| CS paid other relationship | 94900 | 0 | Releases | 0 | Dep. exemptions value | 0 | 0 |
| Health insurance | 0 | 0 | | | # withholding allowances | 6 | 6 |
| Itemized deductions | 0 | 0 | Default Case Settings | | Net wage paycheck | 3766 | 3766 |
| Other medical expenses | 0 | 0 | Default Tax Settings | | | | |
| Property tax expenses | 0 | 0 | | | | | |
| Ded. interest expense | 0 | 0 | | | | | |
| Charitable contribution | 0 | 0 | | | | | |
| Miscellaneous itemized | 0 | 0 | | | | | |
| Required union dues | 0 | 0 | | | | | |
| Mandatory retirement | 0 | 0 | | | | | |
| Hardship deduction | 0* | 0* | | | | | |
| Other guideline deductions | 0 | 0 | | | | | |
| AMT Info (IRS Form 6251) | 0 | 0 | | | | | |
| Child support add-ons | 0 | 1300 | | | | | |

_Con mills_

## DissoMaster Data Screen
### Monthly Figures

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER
DEC 28 2009

| Input Data | Father | Mother | Guideline (2009) | | Cash Flow Analysis | | Prop. |
|---|---|---|---|---|---|---|---|
| Party Info | Father | Mother | Nets (adjusted) | | Comb. net spendable | 215185 | 215327 |
| Number of children | 0 | 2 | Father | 215185 | Percent change | 0% | 0.1% |
| % time with NCP | 5.00 | 0.00 | Mother | 0 | Father, payor of CS, Prop. CS | | |
| Filing Status | Single | HH/MLA | Total | 215185 | Payment cost | 43439 | 43324 |
| # federal exemptions | 1* | 3* | | | Net spendable income | 171746 | 171861 |
| Wages + salary | 0 | 0 | Support | | Change from guideline | 0 | 115 |
| Self-employment income | 522573 | 0 | Presumed CS | 43439 | % of combined spendable | 79.8% | 79.8% |
| Other taxable income | 0 | 0 | Basic CS | 42489 | % of saving over guideline | 0% | 80.8% |
| TANF plus CS received | 0 | 0 | Add-ons | 950 | Total Taxes | 229388 | 229246 |
| Other nontaxable income | 0 | 0 | Per Kid | | Dep. exemptions value | 0 | 115 |
| New-spouse income | 0 | 0 | Child 1 | 16408 | # withholding allowances | 0(es) | 0(es) |
| Wages + Salary | 0 | 0 | Child 2 | 27031 | Net wage paycheck | 0 | 0 |
| Self-employment income | 0 | 0 | Spousal Support | blocked | Mother | | |
| SS paid other marraige | 0 | 0 | | | Payment benefit | 43439 | 43466 |
| Retirement contrib. if ATI | 0 | 0 | Total | 43439 | Net spendable income | 43439 | 43466 |
| Required union dues | 0 | 0 | Proposed, Tactic 9 | | Change from guideline | 0 | 27 |
| Nec. Job-related exp. | 0 | 0 | Presumed CS | 43466 | % of combined spendable | 20.2% | 20.2% |
| Adj. income (ATI) | 0 | 0 | S. Clara SS | 0 | % of saving over guideline | 0% | 19.2% |
| SS paid other marriage | 0 | 0 | Total | 43466 | Total Taxes | 0 | 0 |
| CS paid other relationship | 78000 | 0 | Comb. Savings | 142 | Dep. exemptions value | 0 | 27 |
| Health insurance | 0 | 0 | Total releases to Father | 2 | # withholding allowances | 0 | 0 |
| Itemized deductions | 0 | 0 | | | Net wage paycheck | 0 | 0 |
| Other medical expenses | 0 | 0 | Default Case Settings | | | | |
| Property tax expenses | 0 | 0 | Default Tax Settings | | | | |
| Ded. interest expense | 0 | 0 | | | | | |
| Charitable contribution | 0 | 0 | | | | | |
| Miscellaneous itemized | 0 | 0 | | | | | |
| Required union dues | 0 | 0 | | | | | |
| Mandatory retirement | 0 | 0 | | | | | |
| Hardship deduction | 0* | 0* | | | | | |
| Other guideline deductions | 0 | 0 | | | | | |
| AMT Info (IRS Form 6251) | 0 | 0 | | | | | |
| Child support add-ons | 0 | 1900 | | | | | |

2009
Case 8:11-bk-12525-MW    Doc 10    Filed 03/28/11    Entered 03/28/11 23:59:40    Desc page 1
DissoMaster 2009-2
Main Document    Page 15 of 16

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER
DEC 28 2009
..., Clerk of the Court
BY: S. HERRON, DEPUTY

## DissoMaster Data Screen
### Monthly Figures

| Input Data | Father | Mother | Guideline (2009) | | Cash Flow Analysis | Guid. | Prop. |
|---|---|---|---|---|---|---|---|
| Party Info | Father | Mother | Nets (adjusted) | | Comb. net spendable | 233406 | 233456 |
| Number of children | 0 | 4 | Father | 23128 | Percent change | 0% | 0.0% |
| % time with NCP | 10.00 | 0.00 | | 5 | Father, payor of CS, Prop. CS | | |
| Filing Status | Single | HH/MLA | Mother | 2121 | Payment cost | 64935 | 64884 |
| # federal exemptions | 1* | 5* | Total | 23340 6 | Net spendable income | 166350 | 166401 |
| Wages + salary | 0 | 2000 | Support | | Change from guideline | 0 | 51 |
| Self-employment income | 522573 | 0 | Presumed CS | 64935 | % of combined spendable | 71.3% | 71.3% |
| Other taxable income | 0 | 0 | Basic CS | 64935 | % of saving over guideline | 0% | 102.1% |
| TANF plus CS received | 0 | 0 | Add-ons | 0 | Total Taxes | 229388 | 229317 |
| Other nontaxable income | 0 | 0 | Per Kid | | Dep. exemptions value | 0 | 51 |
| New-spouse income | 0 | 0 | Child 1 | 8469 | # withholding allowances | 0(es) | 0(es) |
| Wages + Salary | 0 | 0 | Child 2 | 11298 | Net wage paycheck | 0 | 0 |
| Self-employment income | 0 | 0 | Child 3 | 16934 | Mother | | |
| SS paid other marraige | 0 | 0 | Child 4 | 28234 | Payment benefit | 64935 | 64934 |
| Retirement contrib. if ATI | 0 | 0 | Spousal | blocked | Net spendable income | 67056 | 67055 |
| Required union dues | 0 | 0 | Support | | Change from guideline | 0 | -1 |
| Nec. Job-related exp. | 0 | 0 | Total | 64935 | % of combined spendable | 28.7% | 28.7% |
| Adj. income (ATI) | 0 | 0 | Proposed, Tactic 9 | | % of saving over guideline | 0% | -2.1% |
| SS paid other marriage | 0 | 0 | Presumed CS | 64955 | Total Taxes | -121 | -100 |
| CS paid other relationship | 61900 | 0 | S. Clara SS | 0 | Dep. exemptions value | 0 | -1 |
| Health insurance | 0 | 0 | Total | 64955 | # withholding allowances | 4 | 4 |
| Itemized deductions | 0 | 0 | Comb. Savings | 50 | Net wage paycheck | 1806 | 1806 |
| Other medical expenses | 0 | 0 | Total releases to Father | 1 | | | |
| Property tax expenses | 0 | 0 | | | | | |
| Ded. interest expense | 0 | 0 | Default Case Settings | | | | |
| Charitable contribution | 0 | 0 | Default Tax Settings | | | | |
| Miscellaneous itemized | 0 | 0 | | | | | |
| Required union dues | 0 | 0 | | | | | |
| Mandatory retirement | 0 | 0 | | | | | |
| Hardship deduction | 0* | 0* | | | | | |
| Other guideline deductions | 0 | 0 | | | | | |
| AMT Info (IRS Form 6251) | 0 | 0 | | | | | |
| Child support add-ons | 0 | 0 | | | | | |

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

DEC 28 2009

ALAN CARLSON, Clerk of the Court

BY __S. HERRON__ DEPUTY

## DissoMaster Data Screen
### Monthly Figures

| Input Data | Father | Mother | Guideline (2009) | | Cash Flow Analysis | Gdln. | Prop. |
|---|---|---|---|---|---|---|---|
| Party Info | Father | Mother | Nets (adjusted) | | Comb. net spendable | 201656 | 201656 |
| Number of children | 0 | 1 | Father | 198285 | Percent change | 0% | 0.0% |
| % time with NCP | 5.00 | 0.00 | | | Father, payor of CS, Prop. CS | | |
| Filing Status | Single | HH/MLA | Mother | 3371 | Payment cost | 24497 | 24497 |
| # federal exemptions | 1* | 2* | Total | 201656 | Net spendable income | 173788 | 173788 |
| Wages + salary | 0 | 4000 | Support | | Change from guideline | 0 | 0 |
| Self-employment income | 522573 | 0 | Presumed CS | 24497 | % of combined spendable | 86.2% | 86.2% |
| Other taxable income | 0 | 0 | Basic CS | 24497 | % of saving over guideline | 0% | 0.0% |
| TANF plus CS received | 0 | 0 | Add-ons | 0 | Total Taxes | 229388 | 229388 |
| Other nontaxable income | 0 | 0 | Per Kid | | Dep. exemptions value | 0 | 0 |
| New-spouse income | 0 | 0 | Child 1 | 24497 | # withholding allowances | 0(es) | 0(es) |
| Wages + Salary | 0 | 0 | Spousal Support | blocked | Net wage paycheck | 0 | 0 |
| Self-employment income | 0 | 0 | | | Mother | | |
| SS paid other marraige | 0 | 0 | Total | 24497 | Payment benefit | 24497 | 24497 |
| Retirement contrib. if ATI | 0 | 0 | Proposed, Tactic 9 | | Net spendable income | 27868 | 27868 |
| Required union dues | 0 | 0 | Presumed CS | 24497 | Change from guideline | 0 | 0 |
| Nec. Job-related exp. | 0 | 0 | S. Clara SS | 0 | % of combined spendable | 13.8% | 13.8% |
| Adj. income (ATI) | 0 | 0 | Total | 24497 | % of saving over guideline | 0% | 0.0% |
| SS paid other marriage | 0 | 0 | Comb. Savings | 0 | Total Taxes | 629 | 629 |
| CS paid other relationship | 94900 | 0 | Releases | 0 | Dep. exemptions value | 0 | 0 |
| Health insurance | 0 | 0 | | | # withholding allowances | 5 | 5 |
| Itemized deductions | 0 | 0 | Default Case Settings | | Net wage paycheck | 3356 | 3356 |
| Other medical expenses | 0 | 0 | Default Tax Settings | | | | |
| Property tax expenses | 0 | 0 | | | | | |
| Ded. interest expense | 0 | 0 | | | | | |
| Charitable contribution | 0 | 0 | | | | | |
| Miscellaneous itemized | 0 | 0 | | | | | |
| Required union dues | 0 | 0 | | | | | |
| Mandatory retirement | 0 | 0 | | | | | |
| Hardship deduction | 0* | 0* | | | | | |
| Other guideline deductions | 0 | 0 | | | | | |
| AMT Info (IRS Form 6251) | 0 | 0 | | | | | |
| Child support add-ons | 0 | 0 | | | | | |

Time: 02:53:01 PM

COUNTY OF ORANGE
SUPERIOR COURT

Date: 12/29/2009

7441