PHILIP D. DAPEER (State Bar No. 53378)
PHILIP D. DAPEER
A Law Corporation
2625 Townsgate Road, Suite 330
Westlake Village, California 91361-5749
Telephone: (323) 954-9144
Facsimile: (323) 954-0457

Attorney for Petitioning Creditors

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>STEVEN SEARS,<br><br>Debtor. | Case No.: 8:11-bk-12525-MW<br><br>[Chapter 11]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS**<br><br>Date: April 20, 2011<br>Time: 1:30 p.m.<br>Ctrm: 6C |

Petitioning creditors submit the following memorandum of points and authorities in opposition to the alleged debtor's motion to dismiss brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6):

## I. THE MOTION WAS UNTIMELY AND SHOULD BE DENIED ON THAT BASIS

At the initial status conference in this case, the court issued a scheduling order. Debtor Sears was to serve and file his motion to dismiss by March 25, 2011. Counsel for petitioning creditors agreed to an extension of the date to March 28, 2011 while the parties considered settlement. However, while the motion to dismiss was

1

uploaded to the court on March 28, 2011, it was not served on counsel for petitioning creditors until March 30, 2011, and the motion papers that were uploaded on March 28, 2011, were incomplete. Three declarations of three women by which debtor Sears fathered children in addition to petitioner, were not filed until March 29, 2011, and were never served by mail or otherwise on petitioner's counsel. Based upon the stipulation of counsel, Sears had until March 28, 2011, to properly serve and file all of his motion papers. He failed to do so. That procedural defect is sufficient in itself for the court to deny the motion with a direction that debtor Sears serve and file an answer to the pending involuntary petition.

## II. THE SEARS MOTION TO DISMISS IMPROPERLY SEEKS TO RESOLVE A CONTEST ABOUT THE FACTS OR THE MERITS OF THE CASE

A motion for failure to state a claim is not a procedure for resolving a contest about the facts or merits of the case. *Neilson v. Union Bank of Cal., N.A.* (C.D. Cal. 2003) 290 F.Supp.2d 1101, 1151. Dismissal for failure to state a claim is appropriate only when the plaintiff can prove no set of facts supporting relief. *Guerrero v. Gates* (9th Cir. 2004) 357 Fed.3d 911, 916. Accordingly, the motion is viewed with disfavor and is rarely granted. *Gilligan v. Jamco Dev. Corp.*, (9th Cir. 1997) 108 Fed.3d 246, 249; *Gallardo v. DiCarlo*, (C.D. Cal. 2002) 203 F.Supp.2d 1160, 1164-1165.

Essentially, a motion to dismiss for failure to state a claim tests the plaintiff's compliance with the liberal pleading requirements of Federal Rules of Civil Procedure, Rule 8(a)(2); *Gallardo v. DiCarlo*, (C.D. Cal. 2002) 203 F.Supp.2d 1160, 1165. Thus, a motion to dismiss for failure to state a claim is appropriate when:

- The complaint lacks a cognizable legal theory (*Navarro v. Block* (9th Cir. 2001) 250 Fed.3d 729, 732; *Balistreri v. Pacifica Police Dep't* (9th Cir. 1988) 901 Fed.2d 696, 699);

- The complaint lacks sufficient facts to allege a cognizable legal theory (*Navarro v. Block* (9th Cir. 2001) 250 Fed.3d 729, 732; *Balistreri v. Pacifica Police Dep't* (9th Cir. 1988) 901 Fed.2d 696, 699); or

- An affirmative or other bar to relief is apparent from the face of the complaint (*Groten v. California* (9th Cir. 2001) 251 Fed.3d 844, 851).

In this case, the involuntary petition is a form that is approved for use in the Central District of California. Consequently, it should not be subject to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Further, debtor's motion to dismiss cannot be considered or treated by the court as a motion for summary judgment under Federal Rules of Civil Procedure, Rule 56, or any subpart of that Rule, because Local Bankruptcy Rule 7056-1 mandates that in connection with a motion for summary judgment, the movant must serve, file and lodge with the motion for summary judgment a proposed statement of uncontroverted facts and conclusions of law and a separate proposed summary judgment. That statement must identify each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleadings, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish each such fact. No such separate statement has been filed with the pending motion. In any event, debtor's motion does not apprise petitioning creditors of any intent to treat the motion as a summary judgment motion and petitioners have not had any opportunity

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

to respond to the motion as a motion for summary judgment, particularly in light of the late filing and the failure to serve the Tran, Lee and Bazan declarations.

Unlike other motions to dismiss under Federal Rules of Civil Procedure, Rule 12(b), a district court or bankruptcy court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles* (9th Cir. 2001) 250 Fed.3d 688, 689. If a defendant presents the court with matters outside the pleadings that court does not exclude, it must treat the motion to dismiss as one for summary judgment. *See* Federal Rules of Civil Procedure, Rule 56. Accordingly a defendant's submission of supplemental materials for consideration along with the complaint risks converting the motion into a motion for summary judgment. Here, the motion to dismiss cannot be converted to a summary judgment motion because the motion is not in proper form for a summary judgment motion in accordance with both Federal Rules of Civil Procedure, Rule 56 and Local Bankruptcy Rule 7056-1.

However, the Ninth Circuit has carved out an exception to the conversion rule, which permits the court to consider the following supplemental materials along with the complaint without converting the motion into a motion for summary judgment. *See United States v. Ritchie* (9th Cir. 2003) 342 Fed.3d 903, 908:

- Material, such as exhibits, properly submitted as part of the complaint;

- Documents that are not part of the complaint if they are referenced extensively in the complaint, and are accepted by all parties as authentic; and

- Matters of public record of which the court take judicial notice under Federal Rules of Evidence, Rule 201.

4

1   Thus, when a defendant offers such materials to the court for consideration with
2   the motion, the court may treat the material as part of the complaint, and therefore
3   may assume that its contents are true for purposes of the motion to dismiss under
4   Federal Rules of Civil Procedure, Rule 12(b)(6).
5
6   Here, debtor has offered his own declaration and the three declarations of the
7   mothers of his additional children in support of the motion to dismiss.  Clearly, the
8   declarations of the three other mothers are hearsay, not subject to judicial notice under
9   Federal Rules of Evidence, Rule 201, and are not the kind of material that may be
10  considered by the court on a motion to dismiss under the authority of *United States v.*
11  *Ritchie, supra*.  With respect to the declaration of Steve Sears filed in support of the
12  motion to dismiss, the documents referred to in paragraphs 4, 5 and 7 of his
13  declaration, being orders or judgments of the Orange County Superior Court, are
14  matters that are properly the subject of judicial notice.  With respect to the document
15  attached as Exhibit 4 to the Sears declaration, there is no debate that Sears has
16  appealed from the judgments or orders from the Orange County Superior Court that
17  liquidate and fix the claims of the three petitioning creditors in this case.  However,
18  the matter attached as Exhibit 3 to the Sears declaration, referenced in paragraph 6, is
19  not an order or judgment of the Orange County Superior Court, and cannot be the
20  subject of a request for judicial notice because it is hearsay, and the tenor of the Sears
21  motion to dismiss is his claim that the facts as set forth in his motion for a new trial
22  are true and should be considered as evidence in support of his motion to dismiss
23  under Rule 12(b)(6).  For that purpose, the Sears motion for a new trial is improper
24  hearsay, not the subject of judicial notice under Federal Rules of Evidence, Rule 201
25  and not a matter that this court may consider on a Rule 12(b)(6) motion under the
26  authority of the *United States v. Ritchie, supra*.
27
28

In the notice of the motion to dismiss, Sears claims that the motion should be granted because the alleged debtor is paying his debts as they become due under 11 U.S.C. section 303. Such issue is a contested issue of fact and witness credibility which requires the process of trial. It cannot be resolved on a motion to dismiss under Rule 12(b)(6), and movant offers no competent evidence in support of that claim in the form of documentary or testimonial evidence that could be considered if this motion were a motion for summary judgment under Federal Rules of Civil Procedure, Rule 56. Again, petitioning creditors have been given no notice that the motion to dismiss is to be considered as a motion for summary judgment and they do not have any opportunity to prepare such opposition if the motion were to be converted to a motion for summary judgment under Rule 56. Movant has failed to prepare the required separate statement of undisputed material facts and conclusions of law as required under the local rules of this court for a summary judgment motion. The opposition declaration of petitioning creditor Carmelle sets forth a proffer of facts that could be presented to the court by petitioner creditors in order to oppose a properly noticed summary judgment motion, or any order of this court directing that the petitioning creditors shall file an amended petition that details additional facts that amplify on the allegations set forth in the form involuntary petition.

The party bringing a motion to dismiss for failure to state a claim bears the burden of demonstrating that the plaintiff has not met the pleading requirements of Federal Rules of Civil Procedure, Rule 8(a)(2) in stating a claim. *Gallardo v. DiCarlo*, (C.D. Cal. 2002) 203 F.Supp.2d 1160, 1165. Rule 8(a)(2) requires parties seeking relief in federal court by a complaint to include only "a short and plain statement of the claim showing the pleader is entitled to relief." A complaint may be dismissed on a Rule 12(b)(6) motion only where the factual allegations fail to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Sears motion to dismiss does not appear to ask the court for a ruling

that the form involuntary petition that is utilized in this district does not meet the pleading standard under Federal Rules of Civil Procedure, Rule 12(b)(6). The Sears motion asks the court to delve into the underlying facts of the Orange County paternity litigation, something that may not be done on the motion as framed by Sears.

Ordinarily, dismissals for failure to state a claim under Federal Rules of Civil Procedure, Rule 12 (b)(6) should be without prejudice to the plaintiff's ability to file an amended pleading. Dismissal without granting leave to amend is proper only in extraordinary cases. *Broam v. Bogan* (9th Cir. 2003) 320 Fed.3d 1023, 1028. Thus, a district court must grant leave to amend if it appears at all possible that the plaintiff can correct any defect in pleading. *Balistreri v. Pacifica Police Dep't* (9th Cir. 1988) 901 Fed.2d 696, 701. Indeed, the court must grant leave to amend even if the plaintiff makes no request to amend the pleading, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. *Lira v. Herrera*, (9th Cir. 2005) 427 Fed.3d 1164, 1169; *Doe v. United States* (9th Cir. 1995) 58 Fed.3d 494, 497. Denial of leave to amend is an abuse of discretion unless the district court can conclude that further amendment would be absolutely futile. *Kendall v. Visa U.S.A., Inc.* (9th Cir. 2008) 518 Fed.3d 1042, 1051. Amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim. *Miller v. Rykoff-Sexton, Inc.* (9th Cir. 1988) 845 Fed.2d 209, 214. Obviously, such is not the case here, as set forth in the opposition declaration of Nevine Carmelle, and the properly authenticated exhibits that are attached to her declaration.

III. **THE SEARS MOTION TO DISMISS IS DISPOSED OF BY THE RECENT OPINION IN *IN RE GEORGES MARCIANO*, 2:09-bk-39630-VK, 2010 WL 5644911, DECIDED DECEMBER 28, 2010**

Until Bankruptcy Judge Victoria Kaufman of this district authored her now published opinion in *In re Georges Marciano*, 2:09-bk-39630-VK, 2010 WL 5644911 (a copy of which is attached for the convenience of the court), the application of Bankruptcy Code section 303(b) to an unstayed, unpaid final judgment on appeal was an issue of first impression in the Ninth Circuit. As Judge Kaufman notes in her opinion, courts addressing the issue have articulated two approaches, as reflected in the decisions *In re Drexler*, 56 B.R. 960, 967 (Bankr. S.D. N.Y. 1986), and *In re Byrd*, 357 F.3d 433 (4th Cir. 2004). In her opinion in *Marciano*, Judge Kaufman adopts the *Drexler* analysis; namely, that a claim based upon an unstayed final judgment as to which an appeal has been taken by the debtor in state court proceedings is not the subject of a bona fide dispute. Once entered, the unstayed final judgment may be enforced in accordance with its terms and with applicable law or rules, even though an appeal is pending. The filing of an involuntary petition is only one of many means by which a judgment creditor may seek to attempt collection of something upon its judgment. It would thus be contrary to basic principles respecting, and would effect a radical alteration of, the long-standing enforceability of unstayed final judgments to hold that the pendency of the debtor's appeal created "a bona fide dispute" within the meaning of Bankruptcy Code section 303. Judge Kaufman, in her decision, in *Marciano*, adopts the *Drexler* approach and rejects the *Byrd* analysis. Judge Kaufman reasons that absent a *per se* rule, judgment creditors must access whether a bankruptcy court will hold that the pendency of an appeal renders their unstayed judgments the subject of bona fide dispute. If they wrongly rely on their judgments, those creditors risk substantial liability under section 303(i). The lack of a *per se* rule creates a fundamental dilemma. Judgment creditors can pursue state law collection

remedy hoping that they reach the debtor's assets before those assets are seized by other creditors or otherwise dissipated or they can file an involuntary petition and risk section 303(i) liability. Although section 303(i) damages will not be awarded in every case, the mere possibility of liability will have a chilling effect on judgment creditors.

Here, there is no debate that under applicable California state law, the judgments in favor of the three petitioning creditors are final, liquidated and not subject to any stay. Thus, each of the petitioning creditors on the pending petition is free to pursue California state law collection remedies as against debtor Sears in an effort to enforce their judgments notwithstanding the pendency of the Sears appeal. Sears has not obtained a stay from the trial court, the appellate court, nor has he filed a bond or undertaking on appeal. There is no claim in the moving papers on the motion to dismiss that any of the three judgments or orders giving rise to the petitioning creditors' claims are now stayed.

As noted in the opposition declaration of attorney Philip Dapeer, petitioning creditors have relied upon the authority in this district of Judge Kaufman's decision in *Marciano* in proceeding with the filing of this involuntary case against Mr. Sears. This court should reaffirm the *per se* rule in this case by denying the motion to dismiss under Rule 12(b)(6). It should be noted that the *Marciano* decision arose in the context of a motion for summary judgment. The analysis of *Marciano* is far more compelling in this case which is only at the pleading stage where the court cannot consider factual disputes and witness credibility.

Movant's long-winded attempt to distinguish the *Marciano* facts from the facts of this case falls into the very trap that Judge Kaufman tries to close in her thorough analysis of the issues raised by a pending unstayed appeal from a state court money judgment. The bulk of the arguments raised by Sears in his motion to dismiss attempt

9

to show that Sears' discovery derelictions were not as serious or gross as the discovery abuses that gave rise to the "doomsday" sanctions issued in the state court *Marciano* case. Both the *Marciano* decision and this case involve the application of California's "doomsday" sanction for discovery abuse. By arguing that Sears' discovery abuses were not as profound or egregious as those that gave rise to the application of the "doomsday" sanction in *Marciano*, Sears' counsel here is really arguing for this court to serve as a super appellate court that can decide the propriety of the application of California state discovery sanctions imposed in a California state law paternity lawsuit, even before the California appellate court has spoken on the issue. Alternatively, Sears argues that petitioning creditors should be stayed or delayed in enforcing their state court judgments while the appellate process winds its way to conclusion. Such would be discriminatory as to petitioning creditors relative to collection efforts that could be undertaken by Sears' other creditors who have not joined on this involuntary petition. For Sears to argue here that "he was not as bad as Marciano" highlights the very point that Judge Kaufman makes in her decision. *Marciano* should be affirmed in the context of this case, and the motion to dismiss under Rule 12(b)(6) appropriately denied. The claim that the alleged debtor is paying debts as they become due under 11 U.S.C. section 303 cannot be resolved on a pleading motion, particularly in light of the proffer made by petitioner Carmelle in her opposition declaration and the fact that the moving declarations in support of the motion to dismiss cannot be considered in the context of a Rule 12(b)(6) motion.

### IV.    THIS IS NOT AN APPROPRIATE CASE FOR DISMISSAL OR SUSPENSION UNDER BANKRUPTCY CODE SECTION 305(a)

Section 305(a) provides that the court "may dismiss a case under this title or may suspend all proceedings in a case under this title, at any time if the interests of creditors and the debtor would be better served by such dismissal or suspension." An

order of dismissal or suspension under section 305(a) "is an extraordinary remedy of narrow breadth, which may be utilized to prevent the commencement and continuation of disruptive involuntary cases." *Wechsler v. Macke Intern. Trade, Inc.*, 370 B.R. 236, 247 (9th Cir. BAP 2007).

To determine whether the interests of creditors and the debtor would be better served by suspension, the court must consider the totality of circumstances. A "seven factor test" to determine whether the totality of circumstances supports suspending proceedings, as some courts have applied, is discussed in detail in the *Marciano* decision. None of those factors can be addressed here, because this is not a "fact determination" motion nor is it a motion for summary judgment. Again, alleged debtor's motion is a pleading motion and it is certainly beyond the scope of the pleadings to consider the factors enumerated as a test to determine whether the totality of circumstances supports suspending proceedings. *See In re Monitor Single Lift I, Ltd.*, 381 B.R. 455, 464-65 (Bankr. S.D. N.Y. 2008); *In re 801 South Wells Street, Ltd. Partnership*, 192 B.R. 718, 723 (Bankr. N.D. Ill. 1996), as cited in the *Marciano* decision.

## V.    CONCLUSION

1
2      For the foregoing reasons, the motion to dismiss should be denied and the
3 alleged debtor ordered to serve and file a responsive pleading to the petition.
4
5 DATED: April 11, 2011         PHILIP D. DAPEER
                                         A Law Corporation

6
7                                        PHILIP D. DAPEER
8                                        Attorney for Petitioning Creditors

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS