PHILIP D. DAPEER (State Bar No. 53378)
PHILIP D. DAPEER
A Law Corporation
2625 Townsgate Road, Suite 330
Westlake Village, California 91361-5749
Telephone: (323) 954-9144
Facsimile:  (323) 954-0457

Attorney for Petitioning Creditors

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>STEVEN SEARS,<br><br>Debtor. | Case No.: 8:11-bk-12525-MW<br><br>[Involuntary Chapter 11]<br><br>**DECLARATION OF PHILIP D. DAPEER IN OPPOSITION TO MOTION TO DISMISS**<br><br>Date: April 20, 2011<br>Time: 1:30 p.m.<br>Ctrm: 6C |

## DECLARATION OF PHILIP D. DAPEER

I, Philip D. Dapeer, declare:

1. I am an attorney duly admitted to practice law in the State of California and before this court. I am the principal in the law firm Philip D. Dapeer, a law corporation, attorney for petitioning creditors Nevine Carmelle, B. Robert Farzad and the law firm Farzad & Mazarei.

2. In such capacity I have personal knowledge of the facts set forth in this declaration and if called and sworn as a witness could and would competently testify

thereto. I give this declaration in opposition to the motion of the alleged debtor to dismiss the petition.

3. Following the appearance in this case of attorney Gerald Wolfe on behalf of alleged debtor Steven Sears, declarant had a series of telephone conferences and e-mail communications with Mr. Wolfe in an effort to try to settle this involuntary case. Declarant wanted to be able to have an open and frank line of communication with Mr. Wolfe so that both sides were clear about their respective positions and the facts of this case. Declarant wanted to be able to discuss the underlying facts in detail with Mr. Wolfe concerning the judgments that are the basis for the claims of the three petitioning creditors who have filed this involuntary case against Mr. Sears. Declarant understood that the underlying judgments arose out of a state court paternity petition that had been initiated by Ms. Carmelle against Mr. Sears, being Orange County Superior Court Case No. 06P000642. Declarant was interested in addressing with Mr. Wolfe specifically what facts supported any argument that he might make on behalf of his client, Mr. Sears, that the three judgment creditors held claims that were contingent as to liability or the subject of a bona fide dispute as to liability or amount. If Mr. Sears knew of facts that supported any defense to the petition that the claims of the three petitioning creditors were contingent as to liability or the subject of a bona fide dispute as to liability or amount, declarant wanted to hear about it immediately, so that declarant could quickly evaluate the case under Bankruptcy Code section 303(b)(1) and avoid potential issues involving attorney's fees and/or other sanctions for the filing of the petition. Declarant was not content to simply rely upon a statement of the facts from declarant's clients, particularly in light of what declarant understood to be an expansive record of proceedings in the Orange County Superior Court paternity action. Declarant also understood that there were three other paternity actions that, surprisingly, had been brought by Mr. Sears against three other women by whom he claimed to have fathered children. All together, declarant understood

that the Orange County Superior Court paternity actions involved four cases, one father, eight children and four mothers, including declarant's client, Nevine Carmelle. From a review of the Orange County Superior Court docket, declarant understood that the three other paternity cases, being *Sears v. Bazan,* Case No. 07P001073, *Sears v. Tran*, Case No. 07P001074, and *Sears v. Lee*, Case No. 07P001075, had not been consolidated with the case involving petitioning creditors, but that petitioning creditor Carmelle had undertaken extensive deposition and surveillance discovery of the three other women in support of her position that the three other paternity petitions were sham proceedings initiated by Mr. Sears in order to blunt the economic effect of the Carmelle petition by claiming offset credits based upon Sears' obligation to provide support for his other children by the three other women involved in those paternity actions. Simply put, in such an unusual context for an involuntary case, declarant wanted to make sure that he had his facts straight as to what was going on.

4. In discussions that declarant had with Mr. Wolfe, declarant confirmed from what Mr. Wolfe said that the orders of the Orange County Superior Court giving rise to the judgments that are the basis for the petitioning creditors' claims were, in fact, the judgments or orders entered March 5, 2010, and October 1, 2008; that those orders had not been stayed by any bond or undertaking filed by Mr. Sears; that there had been no stay of enforcement of the judgments by any order of the Orange County Superior Court or the Court of Appeal; that Mr. Sears' motion for a new trial had been denied; and that he was appealing the orders of March 5, 2010, and October 1, 2008 in a single appeal pending before the Court of Appeal of the Fourth Appellate District, Division 3, State of California, Case No. G044104. In fact, Mr. Wolfe provided declarant with a copy of the civil case information statement that had been filed on behalf of Mr. Sears in the appellate court on August 31, 2010, which civil case information statement confirmed what declarant had been told by Mr. Wolfe.

DECLARATION OF PHILIP D. DAPEER IN OPPOSITION TO MOTION TO DISMISS

5. The discussions that declarant had with Mr. Wolfe focused on whether the claims were contingent as to liability or the subject of a bona fide dispute as to liability or amount. There was never any issue, as far as declarant was aware, that the aggregate claims met the jurisdictional limitation of $14,425.00. Further, there did not appear to be any issue that the three petitioning creditors were, in fact, the holders of the claims referenced in the orders or judgments that Mr. Sears was appealing in his state court appeal. Mr. Wolfe claimed that because the judgments that supported the claims of the three petitioning creditors were on appeal, the claims were contingent as to liability or the subject of a bona fide dispute as to liability or amount.

6. In order to evaluate Mr. Wolfe's position, declarant volunteered to grant Mr. Wolfe a 3-day extension of time within which to serve and file his motion to dismiss from March 25, 2011, to March 28, 2011, notwithstanding this court's scheduling order of March 22, 2011.

7. Over that intervening weekend, declarant decided to voluntarily provide Mr. Wolfe with the research that declarant had undertaken in advance of filing the petition relative to the arguments made by Mr. Wolfe that the involuntary petition was improper because the claims were contingent and subject to a bona fide dispute as to each of the three petitioning creditor claims. Declarant sent Mr. Wolfe by e-mail communication a copy of the published opinion in the case *In re Georges Marciano*, 2:09-bk-39630-VK. When declarant spoke with Mr. Wolfe again following the intervening weekend, Mr. Wolfe acknowledged to declarant that he was unaware of the *Marciano* opinion until declarant had provided him with a copy that weekend. Mr. Wolfe proceeded to file his motion to dismiss on behalf of Mr. Sears, basing the motion in material part on his effort to distinguish *Marciano* from the facts of the paternity litigation involving Mr. Sears and Ms. Carmelle.

4

DECLARATION OF PHILIP D. DAPEER IN OPPOSITION TO MOTION TO DISMISS

8.  Declarant will not disclose the contents of discussions that declarant had with Mr. Wolfe regarding settlement. Suffice it to say that settlement efforts were not fruitful and both Mr. Wolfe and I agreed that mediation at this point would not be helpful given Mr. Sears' position that he cannot afford to pay anything approaching what was awarded to declarant's client as child support in the Orange County Superior Court paternity case or the attorneys fee awards to the other petitioning creditors.

9.  Mr. Wolfe had given declarant until March 28, 2011, to dismiss the petition without incurring a claim for reimbursement for attorney's fees, and declarant told Mr. Wolfe that there would be no dismissal of the petition in view of the holding in the *Marciano* case, for the reasons addressed in the opposition of the petitioning creditors to the Sears motion to dismiss.

10. Although I unilaterally gave Mr. Wolfe an extension of time to and including March 28, 2011, within which to serve and file his motion to dismiss, he did not timely serve me with the motion papers. Attached hereto, marked Exhibit "1" and incorporated herein by this reference is a copy of the envelope that Mr. Wolfe addressed to me containing the moving papers on the motion. That envelope is postmarked March 30, 2011. Mr. Wolfe did not serve me electronically through the ECF system. The moving papers were served two days late.

11. Further, the court docket will reflect the fact that the moving papers, as uploaded to the court by Mr. Wolfe on March 28, 2011, did not contain the declarations of Ms. Tran, Ms. Lee and Ms. Bazan. When declarant brought that omission to Mr. Wolfe's attention, he then filed those declarations on March 29, 2011, as reflected by the court docket. I was never served through the ECF system with either the moving papers on the motion to dismiss or the subsequent declarations that

1  are referenced in those moving papers. I was never served by mail with those three
2  declarations.

3

4      Executed at Westlake Village, California this __ day of April, 2011.

5

6      I declare under penalty of perjury under the laws of the United States of
7  America that the foregoing is true and correct.

                                            PHILIP D. DAPEER

| | |
|---|---|
| In re: STEVEN SEARS, | CHAPTER 11 |
| Debtor(s). | CASE NUMBER 8:11-12525-MW |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2625 Townsgate Road, Suite 330, Westlake Village, CA 91361-5749

A true and correct copy of the foregoing document described **DECLARATION OF PHILIP D. DAPEER IN OPPOSITION TO MOTION TO DISMISS** as will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 11, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

   Nancy S Goldenberg     nancy.goldenberg@usdoj.gov
   United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
   Gerald Wolfe     gerald@gwesq.com, ecf.gwesq@gmail.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On April 11, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

William C. Behrndt, Esq.
Baron & Behrndt LLP
1110 Roosevelt Avenue
Irvine, CA 92620

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

1

1 | I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date: April _11_, 2011 | Philip D. Dapeer | /s/ Philip D. Dapeer |
|---|---|---|
| | | Signature |