PHILIP D. DAPEER (State Bar No. 53378)
PHILIP D. DAPEER
A Law Corporation
2625 Townsgate Road, Suite 330
Westlake Village, California 91361-5749
Telephone: (323) 954-9144
Facsimile: (323) 954-0457

Attorney for Petitioning Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 8:11-bk-12525-MW |
| STEVEN SEARS, | [Chapter 11] |
| Debtor. | **DECLARATION OF NEVINE CARMELLE IN OPPOSITION TO ALLEGED DEBTOR'S MOTION TO DISMISS INVOLUNTARY PETITION** |
| | Date: April 20, 2011<br>Time: 1:30 p.m.<br>Ctrm: 6C |

## DECLARATION OF NEVINE CARMELLE

I, Nevine Carmelle, declare:

1.    I am one of the three petitioning creditors in this involuntary case. I have personal knowledge of the facts set forth in this declaration and if called and sworn as a witness could and would competently testify thereto.

2.    I give this declaration in opposition to the motion of alleged debtor Steven Sears to dismiss the involuntary petition.

1

1       3.    I am the petitioner in those certain paternity proceedings that I initiated

2 against Steven Sears in the Orange County Superior Court, Case No. 06P000642. I

3 am fully familiar with all of the proceedings, records and files in that paternity case. I

4 am also familiar with the three subsequent paternity cases that Mr. Sears initiated

5 against three women with whom he also fathered children. In my paternity case, I

6 initiated extensive discovery involving what I claimed to be the sham proceedings

7 involving Yvonne Tran, Gloria Lee, and Gladys Bazan. In my paternity case, I

8 undertook deposition discovery of those women and I also obtained surveillance

9 discovery of their true relationship with Mr. Sears. In my paternity case, I contended

10 that Mr. Sears initiated the paternity proceedings involving those three women in an

11 effort to offset his liability to me for child support. Mr. Sears is a disbarred California

12 lawyer.

13

14       4.    I have read the three declarations of Ms. Tran, Ms. Lee and Ms. Bazan

15 that Mr. Sears offers as part of his opposition papers on the pending motion to

16 dismiss. I address those declarations for a very limited purpose, as more fully set

17 forth in this declaration.

18

19       5.    Attached hereto, marked collectively as Exhibit "1" and incorporated

20 herein by this reference, are certified copies of the orders and judgments that have

21 been issued by the Orange County Superior Court in my paternity litigation against

22 Mr. Sears, being Orange County Superior Court, Case No. 06P000642. I obtained

23 those certified copies from the court file. My attorney, Mr. Dapeer, will produce the

24 originals of those certified documents at the hearing on the motion to dismiss. The

25 copies attached hereto contain the certificate seal from the Clerk of the Orange County

26 Superior Court.

27

28

DECLARATION OF NEVINE CARMELLE IN OPPOSITION TO MOTION TO DISMISS

1      6.    I understand from my counsel, Mr. Dapeer, that the pending motion to

2    dismiss is not a motion for summary judgment in which the court can weigh evidence

3    with respect to the underlying facts giving rise to the litigation or claim.  I also

4    understand that, on a motion to dismiss, documentary evidence offered in support of

5    the motion to dismiss is severely limited, and that the court does not engage in the

6    process of assessing witness credibility.

7

8      7.    I set forth in this declaration a summary outline of facts that I  believe I

9    can establish by competent testimony based upon my familiarity with the underlying

10    paternity proceedings and the discovery that was produced in those proceedings, in

11    order to demonstrate to the court that should this bankruptcy court require a more

12    detailed statement of facts to support the claims of the petitioning creditors that their

13    claims are not contingent as to liability or the subject of a bona fide dispute as to

14    liability or amount, or that the debtor is not generally paying such debtor's debts as

15    such debts become due unless such debts are the subject of a bona fide dispute as to

16    liability or amount, I will be able to do so based upon the record that I have access to

17    from my paternity against Mr. Sears.

18

19      8.    With respect to the three other paternity cases that were never

20    consolidated with my case, I can establish by competent evidence that the three other

21    women stay with Mr. Sears in his $3.5 million dollar residence; that Yvonne Tran and

22    her four children by Mr. Sears all live together with him and that he paid her

23    attorney's fees in her paternity petition; that Gladys Bazan, who has two children by

24    Mr. Sears, is an illegal alien, cannot speak English, and Mr. Sears pays for all of her

25    personal expenses including her attorney's fees from her paternity petition; that Gloria

26    Lee speaks very little English, has one child by Mr. Sears, and lives in the residence

27    that Mr. Sears owns, and further, Mr. Sears paid her attorneys fees from the paternity

28    petition.  I know from my surveillance discovery in my paternity case that Mr. Sears

3

1 lives with all three women, but he spends overnight time with Yvonne Tran and her

2 four children by Mr. Sears. I also know that Mr. Sears paid for the attorney's fees

3 incurred in his collusive paternity cases with those three women and that the orders

4 made in those paternity cases were contrived so that Mr. Sears could attempt to assert

5 those support orders as offset claims in my paternity litigation with him. If it should

6 come to pass that this court gives any consideration to the declarations or statements

7 of Ms. Trans, Ms. Lee or Ms. Bazan, I will want my family law lawyers to have the

8 opportunity to cross-examine them on the witness stand in court in order to be able to

9 impeach the statements they give in the declarations now offered by Mr. Sears.

10 Again, the limited purpose of my statements here about the three other paternity cases

11 is simply to demonstrate to the court that I have concrete evidence of the collusive

12 nature of the paternity litigation involving the three women who purport to give

13 declarations in support of Mr. Sears' motion to dismiss. Those paternity cases were

14 filed by Mr. Sears after my paternity case was filed. I do not offer the statements in

15 this declaration by way of rebuttal, because I understand the court does not weigh

16 evidence on a motion to dismiss unless the motion is considered a motion for

17 summary judgment.

18

19       9.      As of this date, the three judgments that are the basis for the involuntary

20 petition in this case are not stayed in any manner notwithstanding Mr. Sears' appeal,

21 and the judgments are fully enforceable as money judgments according to their

22 respective terms by all California remedies for enforcement of money judgments.

23 Two of the judgments are for attorney's fees awarded to lawyers in my paternity

24 litigation with Mr. Sears, and one judgment is in my favor for accrued and future child

25 support payments due to me from Mr. Sears. The judgments are included as part of

26 the package of documents attached as Exhibit "1" hereto.

27

28

DECLARATION OF NEVINE CARMELLE IN OPPOSITION TO MOTION TO DISMISS

10.    As of this date, all three judgments remain unpaid and unsatisfied.

11.    As of this date, I have received no offer from Mr. Sears as to how he intends to satisfy any of the three judgments, and he has made no payments to me with respect to the judgment, except as scheduled in Exhibit "2" hereto, which is an accounting of the accrued and unpaid payments due to me from Mr. Sears pursuant to the child support order of the Orange County Superior Court in Case No. 06P000642.

Executed at Irvine, California this 11 day of April, 2011.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NEVINE CARMELLE

Exhibit 1

FL-340

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, address):
B. ROBERT FARZAD, SBN 182301
SHAKEB A. RAZAI, SBN 245926
FARZAD & MAZAREI, ALC
333 SOUTH ANITA DRIVE, SUITE 910
ORANGE, CALIFORNIA 92868
TELEPHONE NO.: (714) 937-1193    FAX NO. (optional): (714) 937-1192
ATTORNEY FOR (Name): NEVINE CARMELLE

**FOR COURT USE ONLY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 341 The City Drive
MAILING ADDRESS: Post Office Box 14170
CITY AND ZIP CODE: Orange, California 92863
BRANCH NAME: LAMOREAUX JUSTICE CENTER

PETITIONER/PLAINTIFF: NEVINE CARMELLE

RESPONDENT/DEFENDANT: STEVEN SEARS

OTHER:

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

OCT 01 2008

ALAN SLATER, Clerk of the Court
BY: J. GARCIA , DEPUTY

| FINDINGS AND ORDER AFTER HEARING | CASE NUMBER:
06 P 000 642 |

1. This proceeding was heard
on (date): JULY 11, 2008    at (time): 8:45 A.M.    in Dept.: L-68    Room:
by Judge (name): COMMISSIONER    [X] Temporary Judge
RENEE E. WILSON

[X] Petitioner/plaintiff present    [X] Attorney present (name): SHAKEB A. RAZAI
[ ] Respondent/defendant present    [X] Attorney present (name): JAN MARK DUDMAN
[ ] Other present    [ ] Attorney present (name):
On the order to show cause or motion filed (date): 03/18/2008    by (name): PETITIONER, NEVINE CARMELLE

2. **THE COURT ORDERS**
3. Custody and visitation:    [ ] As attached on form FL-341    [X] Not applicable
4. Child support:    [ ] As attached on form FL-342    [X] Not applicable
5. Spousal or family support:    [ ] As attached on form FL-343    [X] Not applicable
6. Property orders:    [ ] As attached on form FL-344    [X] Not applicable
7. Other orders:    [X] As attached    [ ] Not applicable
8. [X] Attorney fees (specify amount): $ 18,575.00
   Payable to (name and address): FARZAD & MAZAREI, ALC

   Payable [X] forthwith [ ] other (specify): SEE ATTACHMENT.

9. All other issues are reserved until further order of court.

**Commissioner Reneé E. Wilson**

Date:
OCT 01 2008

Approved as conforming to court order.

JUDICIAL OFFICER
COMMISSIONER RENEE E. WILSON

SIGNATURE OF ATTORNEY FOR [ ] PETITIONER / PLAINTIFF [X] RESPONDENT / DEFENDANT
JAN MARK DUDMAN

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
FL-340 [Rev. July 1, 2003]
**FINDINGS AND ORDER AFTER HEARING**
(Family Law—Custody and Support—Uniform Parentage)
Legal Solutions Plus

| PETITIONER/PLAINTIFF: NEVINE ...RMELLE | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: STEVEN SEARS | 06 P 000 642 |

ATTACHMENT TO FL-340 OTHER ORDERS:

THE COURT HAVING CONSIDERED ARGUMENTS AND HAVING CONSIDERED THE VOLUMINOUS FILES IN THIS MATTER, TAKES JUDICIAL NOTICE OF THE FOLLOWING FILINGS:
(1) MARCH 28, 2007, THREE MOTIONS FILED BY PETITIONER TO COMPEL DISCOVERY;
(2) MARCH 29, 2007, FOUR MOTIONS FILED BY PETITIONER TO COMPEL DEPOSITIONS;
(3) OCTOBER 31, 2007, TWO MOTIONS FILED BY PETITIONER TO COMPEL FURTHER RESPONSES TO DISCOVERY;
(4) DECEMBER 21, 2007, THREE MOTIONS FILED BY PETITIONER TO ENFORCE SUBPOENAS;
(5) MARCH 7, 2008, MOTION FILED BY PETITIONER FOR CLARIFICATION OF ORDER;
(6) APRIL 10, 2008, MOTION FILED BY PETITIONER TO ENFORCE SUBPOENAS;
THE COURT HAS ALSO CONSIDERED THE RULINGS IN EACH OF THOSE MOTIONS.
THE COURT FURTHER CONSIDERS THE LATE FILED DECLARATION OF BARBARA HOPPER FILED ON JULY 9, 2008.

ON THE ISSUE OF TERMINATING SANCTIONS, THIS HAS BEEN REFERRED TO AS A DOOMSDAY SANCTION. THE COURT BELIEVES IT WAS SET FORTH IN DEYO VS. KILBOURNE, 1978 84 CAL APP. 3D 771. THE COURT NOTES THAT THIS IS A PATERNITY ACTION AND THAT THERE ARE OTHER ISSUES THAT ARE INVOLVED. THE REQUEST THAT THE MATTER BE DISMISSED, STRIKING THE PLEADINGS, IS DENIED.

HOWEVER, THE COURT FINDS THAT THERE IS SUFFICIENT EVIDENCE OF DISCOVERY ABUSE ON THE PART OF RESPONDENT. THESE INCLUDED, BUT ARE NOT LIMITED TO THE FOLLOWING:
(1) THEY (RESPONDENT AND HIS COUNSELS) FAIL TO EXPLAIN THE CIRCUMSTANCES SURROUNDING THE SERVING OF THE MOTIONS TO QUASH DEPOSITION SUBPOENAS IN WHICH THEY WERE ATTEMPTING TO OBTAIN AN UNLAWFUL STAY ON DEPOSITIONS.
(2) RESPONDENT DOES NOT PROVIDE REASONABLE EXPLANATIONS FOR THE CHANGE OF HIS TESTIMONY, STATING HE HAD DOCUMENTS TO PRODUCE, TO HIS NEXT STATEMENT THAT THE DOCUMENTS DO NOT EXIST AND MISTAKES DO HAPPEN.
(3) THERE ALSO APPEARS TO BE SUFFICIENT CONTRADICTIONS FROM THE RESPONDENT'S INITIAL CLAIM THAT THE ONLY ENTITIES HE HAD ANY LEGAL INTEREST IN WERE LEGAL ADVISORS, INC., AND STEVEN SEARS, CPA; YET THE SUBSEQUENT PRODUCTION OF DOCUMENTS TO JACK WHITE APPARENTLY INCLUDED BANK ACCOUNTS FROM FINANCIAL INSTITUTES FROM THE SAME ENTITIES RESPONDENT CLAIMED HE NEVER OPENED, CONTROLLED OR HAD ANY FINANCIAL INTEREST IN.
RESPONDENT FAILS AND HAS FAILED TO PROVIDE SUFFICIENT EXPLANATIONS FOR THESE CONTRADICTIONS.
THIS COURT ALSO FINDS THAT RESPONDENT HAS FAILED TO COOPERATE WITH THE 730 EVALUATION.
THIS COURT FURTHER FINDS THAT RESPONDENT HAS NOT MET HIS BURDEN AS TO WHY ISSUING SANCTIONS SHOULD NOT BE WARRANTED.

THE COURT HEREBY GRANTS EVIDENTIARY SANCTIONS AGAINST RESPONDENT, TO BAR RESPONDENT FROM OFFERING ANY EVIDENCE OF ANY FORM OR KIND, INCLUDING TESTIMONIAL, DIRECT OR CROSS, ON ISSUES OF HIS INCOME, FINANCES, ASSETS OR OTHER FINANCIAL DEALINGS, AND BARRING RESPONDENT FROM OPPOSING ANY AND ALL EVIDENCE, INCLUDING TESTIMONIAL, REGARDING RESPONDENT'S INCOME, FINANCES AND ASSETS AND FINANCIAL DEALINGS AS THEY ARE INTRODUCED AND OFFERED BY THE PETITIONER.

THIS COURT ORIGINALLY WAS GOING TO MAKE AN ORDER FOR ATTORNEY FEES AND THEN CONSIDERED RESERVING THEM. HOWEVER, IN REVIEWING THE DOCUMENTS SUBMITTED IN RESPONSE TO THIS MOTION, THIS COURT FINDS THAT RESPONDENT'S OPPOSITION DID NOT PROVIDE ANY ARGUMENT AGAINST THE AMOUNT OF SANCTIONS SOUGHT BY THE MOVING PARTY. THE SUPPLEMENTAL DECLARATION OF PETITIONER FILED ON MAY 8, 2008 ESTIMATES THE RESPONDENT'S GROSS INCOME -- THE COURT BELIEVES IT WAS FOR 2005 -- WAS $5,800,000 AND IN 2006 UP UNTIL AUGUST, $4,600,000.00. THAT IS WHEN PETITIONER STOPPED WORKING WITH RESPONDENT, YET RESPONDENT'S PAST INCOME/EXPENSE STATEMENT SHOWS HIS INCOME IS APPROXIMATELY $4,500.00. THE DISPARITY IN THESE TWO IS NOT BELIEVABLE BY THIS COURT. IT JUST APPEARS THAT RESPONDENT'S CONDUCT HAS ADDED TO THE ATTORNEY'S FEES IN THIS MATTER. THE COURT AGAIN NOTES THAT RESPONDENT'S ARGUMENT DOES NOT EVEN GO TO THIS ISSUE. THEREFORE, THE SANCTIONS IN THE SUM OF OF $18,575.00 IN FAVOR OF PETITIONER, PAYABLE BY RESPONDENT, IS GRANTED.

ATTORNEY FOR PETITIONER TO PREPARE THE FORMAL RULING AND ORDER.


Legal
Solutions
Plus

52

1          THE COURT:  SUBMITTED?

2          MR. RAZAI:  YES.

3          MR. DUDMAN:  YES.

4          THE COURT:  THE COURT WILL NOT ENTERTAIN ANY

5    FURTHER ARGUMENT FROM YOU BOTH AFTER THE COURT HAS

6    RULED.

7               THE COURT HAS CONSIDERED THE VOLUMINOUS

8    FILES IN THIS MATTER, TAKES JUDICIAL NOTICE OF THE

9    FOLLOWING FILES:

10              MARCH 28TH, '07, THREE MOTIONS FILED BY

11   PETITIONER TO COMPEL WRITTEN DISCOVERY.

12              MARCH 29TH, '07, FOUR MOTIONS BY PETITIONER

13   TO COMPEL DEPOSITIONS.

14              OCTOBER 31ST, '07, TWO MOTIONS TO COMPEL

15   FURTHER RESPONSES.

16              12/21/07, THREE MOTIONS TO ENFORCE

17   SUBPOENA.

18              MARCH 7TH, '08, MOTION FOR CLARIFICATION OF

19   ORDER.  THIS MOTION FILED MARCH 18TH.

20              AND THE APRIL 10TH, '08 MOTION BY THE

21   PETITIONER, MOTION TO ENFORCE SUBPOENAS.

22              THE COURT ALSO CONSIDERED THE RULINGS MADE

23   IN EACH OF THOSE MOTIONS.

24              THE COURT FURTHER CONSIDERS THE LATE FILING

25   DECLARATION OF BARBARA HOPPER FILED ON JULY 9TH,

26   2008.


LISA A. PALMER, RPR, CSR 9995

53

1          ON THE ISSUE OF TERMINATING SANCTIONS, THIS

2    HAS BEEN REFERRED TO AS A DOOMSDAY SANCTION.  I

3    THINK THAT WAS SET FORTH IN DALE VS. KILBOR, 1978 84

4    CAL APP 3D 771.  THIS IS A PATERNITY ACTION.  THERE

5    ARE OTHER ISSUES INVOLVED.

6          THE REQUEST THAT THE MATTER BE DISMISSED,

7    STRIKING THE PLEADINGS, IS DENIED.

8          HOWEVER, THIS COURT FINDS THAT THERE IS

9    SUFFICIENT EVIDENCE INCLUDING BUT NOT LIMITED --

10   WELL, STRIKE THAT -- THERE IS SUFFICIENT EVIDENCE OF

11   DISCOVERY ABUSE ON THE PART OF THE RESPONDENT.

12         THESE INCLUDED BUT ARE NOT LIMITED TO THE

13   FOLLOWING:

14         THEY FAIL TO EXPLAIN THE CIRCUMSTANCES

15   SURROUNDING THE SERVING OF THE MOTIONS TO QUASH IN

16   WHICH THEY WERE ATTEMPTING TO OBTAIN AN UNLAWFUL

17   STAY.

18         RESPONDENT DOES NOT PROVIDE REASONABLE

19   EXPLANATIONS FOR THE CHANGE OF HIS TESTIMONY,

20   STATING HE HAD DOCUMENTS TO PRODUCE, TO THE NEXT

21   STATEMENT THE DOCUMENTS DO NOT EXIST AND MISTAKES DO

22   HAPPEN.

23         ALSO THERE APPEARS TO BE SUFFICIENT

24   CONTRADICTIONS FROM THE RESPONDENT'S INITIAL CLAIM

25   THAT THE ONLY ENTITIES HE HAD ANY LEGAL INTEREST IN

26   WERE LEGAL ADVISORS INC., AND STEVEN SEARS, CPA; YET

54

1   THE SUBSEQUENT PRODUCTION OF DOCUMENTS TO JACK WHITE

2   APPARENTLY INCLUDE BANKING ACCOUNTS FROM FINANCIAL

3   INSTITUTES FOR THE SAME ENTITIES RESPONDENT CLAIMED

4   HE NEVER OPENED, CONTROLLED OR HAD ANY FINANCIAL

5   INTEREST IN.

6           HE FAILS AND HAS FAILED TO PROVIDE

7   SUFFICIENT EXPLANATIONS FOR THESE CONTRADICTIONS.

8           AND THIS COURT FINDS HE FAILED TO COOPERATE

9   WITH THE 730 EVALUATION.

10          THIS COURT FINDS HE HAS NOT MET HIS BURDEN

11  AS TO WHY ISSUING SANCTIONS SHOULD NOT BE WARRANTED.

12          THIS COURT HEREBY GRANTS EVIDENTIARY

13  SANCTIONS AGAINST RESPONDENT, TO BAR RESPONDENT FROM

14  OFFERING ANY EVIDENCE OF ANY FORM OR KIND, INCLUDING

15  TESTIMONIAL, DIRECT OR CROSS, ON ISSUES OF HIS

16  INCOME, FINANCES, ASSETS OR OTHER FINANCIAL

17  DEALINGS, AND BARRING RESPONDENT FROM OPPOSING ANY

18  AND ALL EVIDENCE REGARDING RESPONDENT'S INCOME,

19  FINANCES AND ASSETS AND FINANCIAL DEALINGS AS THEY

20  ARE INTRODUCED AND OFFERED BY THE PETITIONER.

21          THIS COURT ORIGINALLY WAS GOING TO MAKE AN

22  ORDER FOR ATTORNEY FEES AND THEN CONSIDERED

23  RESERVING THEM.  HOWEVER, IN REVIEWING THE DOCUMENTS

24  SUBMITTED IN RESPONSE TO THIS MOTION, THIS COURT

25  FINDS THAT RESPONDENT'S OPPOSITION DID NOT PROVIDE

26  ANY ARGUMENT AGAINST THE AMOUNT OF SANCTIONS SOUGHT

55

1   BY MOVING PARTY.

2       THE SUPPLEMENTAL DECLARATION OF PETITIONER

3 FILED ON MAY 8TH, '08 ESTIMATES THE RESPONDENT'S

4 GROSS INCOME -- I BELIEVE THIS WAS FOR 2005 -- WAS

5 5,800,000 AND IN 2006 UP UNTIL AUGUST, 4,600,000.

6       THAT IS WHEN SHE STOPPED WORKING, I

7 BELIEVE, IN AUGUST.

8       YET RESPONDENT'S PAST INCOME/EXPENSE

9 STATEMENT SHOWS HIS INCOME IS APPROXIMATELY 4,500.

10 THE DISPARITY IN THESE TWO IS NOT BELIEVABLE BY THIS

11 COURT.  IT APPEARS THE SIGNIFICANT -- WELL, JUST --

12 IT JUST APPEARS THAT THE RESPONDENT'S CONDUCT HAS

13 ADDED TO THE ATTORNEY FEES IN THIS MATTER.

14       AGAIN, AS I INDICATED, HIS ARGUMENT DOES

15 NOT EVEN GO TO THE ISSUE.

16       THEREFORE, THE SANCTIONS IN THE SUM OF

17 18,575 IS GRANTED.

18       ATTORNEY FOR PETITIONER TO PREPARE THE

19 FORMAL RULING AND ORDER.

20       AS TO MSC, LET'S PICK A DATE.

21       WE WILL KEEP THE TRIAL DATE AT THIS TIME,

22 IF THAT'S WHAT YOU WANT

23   MR. RAZAI:  YOUR HONOR, I DON'T HAVE THE RECORDS

24 YET, IF WE CAN ADDRESS THAT.

25   THE COURT:  THEN I AM NOT GOING TO -- I WILL LET

26 IT GO OFF CALENDAR AND NOT SET AN MSC.

LISA A. PALMER, RPR, CSR 9995

56

1    MR. RAZAI:  YOUR HONOR, I REQUEST THAT I GET MY

2    ORDERS SIGNED TODAY.  I BROUGHT THEM AGAIN.  I KNOW

3    COUNSEL FILED AN OBJECTION TO THEM.  HIS OBJECTIONS

4    WERE UNTIMELY.

5    THE COURT:  I HAVE NO IDEA WHAT YOU ARE

6    REFERRING TO.

7    MR. RAZAI:  MAY 16TH COURT ORDERS REGARDING

8    PRODUCTION OF BUSINESS RECORDS.

9    THE COURT:  COUNSEL, I HAVE BEEN SO BUSY TO GET

10   THIS RULING OUT, I CAN'T SAY I HAVE BEEN LOOKING AT

11   OTHER ORDERS TO SIGN.

12   MR. RAZAI:  I UNDERSTAND.  I APOLOGIZE.

13   THE COURT:  COURT WILL BE IN RECESS FOR ABOUT 15

14   MINUTES.  DO NOT APPROACH MY STAFF IN ANY WAY, SHAPE

15   OR FORM.

16                (END OF PROCEEDINGS.)

17

18

19

20

21

22

23

24

25

26

LISA A. PALMER, RPR, CSR 9995

1

2

3    STATE OF CALIFORNIA    )
                            )
     COUNTY OF ORANGE       )
4

5

6                    REPORTER'S CERTIFICATE

7

8            I, LISA A. PALMER, RPR, CERTIFIED SHORTHAND

9    REPORTER 9995, DO HEREBY CERTIFY THAT THE WITHIN AND

10   FOREGOING TRANSCRIPT OF CARMELLE VS. SEARS IS A

11   FULL, TRUE AND CORRECT TRANSCRIPT OF MY SHORTHAND

12   NOTES THEREOF, AND A FULL, TRUE AND CORRECT

13   STATEMENT OF THE PROCEEDINGS CONSISTING OF 56 PAGES

14   HAD IN SAID CAUSE.

15

16

17

18   DATED: _____7/27/08_____

19

20

21

22   _____
     LISA A. PALMER, RPR, CSR 9995
23   OFFICIAL COURT REPORTER

24

25

26